UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN RAY HOLMES,<br><br>      Petitioner,<br>  v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>      Respondents. | Case No. 3:21-cv-00364-MMD-WGC<br><br>ORDER |

   This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Petitioner Kevin Ray Holmes' motion for appointment of counsel (ECF No. 1-2 ("Motion")). For the reasons discussed below, the Court directs service of the petition, instructs Respondents to respond, and denies Holmes' motion.

   Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

   Holmes is incarcerated pursuant to a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *See State of Nevada v. Kevin Ray Holmes*, Case No. C129708.[2] A jury found Holmes guilty of murder of the first degree

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District

with use of a deadly weapon (Count I) and attempt murder with use of a deadly weapon (Count II). On December 7, 1999, the state district court entered a judgment of conviction and sentenced Holmes to life with the possibility of parole plus an equal and consecutive term of life with the possibility of parole for the use of a deadly weapon for Count I as well as 20 years plus an equal and consecutive 20 years for use of the deadly weapon for Count II, concurrent to Count I.

Holmes discharged his underlying sentence for Count II and he was granted parole on the underlying sentence for Count I in 2012. Holmes filed a motion to modify or correct illegal sentence and motion for new trial. The state district court denied his motion and the Nevada Supreme Court affirmed finding Holmes failed to demonstrate that his sentence was facially illegal and that his motion for new trial was untimely.

In April 2019, Holmes filed a state habeas petition alleging that the Nevada Department of Corrections ("NDOC") has not been properly crediting Holmes for statutory good and work time and/or mertirious award credits. The state district court denied his petition. He appealed and the Nevada Court of Appeals affirmed in part, reversed in part, and remanded with instructions for the state district court to hold an evidentiary hearing to determine the correct start date for Holmes' sentence for the attempted murder deadly weapon enhancement and to determine the correct amount of credit that should apply to the maximum portion of that sentence.

On remand, the state district court conducted a telephonic evidentiary hearing concluding that Petitioner expired his attempted murder sentence on June 20, 2008, and the attendant deadly weapon enhancement would begin on June 21, 2008. Holmes then argued that NDOC is still calculating his sentences incorrectly. In October 2020, the state district court denied his state habeas petition finding Holmes received the relief as required by the Nevada Court of Appeals Order. On June 7, 2021, the Nevada Court of Appeals affirmed the state district court's denial of his state habeas petition.

---

Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and
at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

On August 17, 2021, Holmes initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) The Court instructed him to resolve the filing fee, and Holmes timely complied. (ECF Nos. 3, 4.) Having conducted an initial review, the Court will direct service of the Petition and a response.

Turning to Holmes' Motion, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* at § 3006A(a)(2) (authorizing appointed counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). But when a petitioner has a good understanding of the issues and the ability to present his contentions forcefully and coherently, no attorney is legally required. *See LaMere*, 827 F.2d at 626.

The Petition in this case appears sufficiently clear in presenting the issues that Holmes wishes to raise, and the legal issues are not particularly complex. He has demonstrated sufficient ability to write and articulate his claims, submitted numerous filings, and followed the Court's instructions to resolve the filing fee. The Court appreciates that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. However, Holmes has made no showing as to why denial of counsel would amount to a denial of due process. As such, the Motion is denied.

The Clerk of Court is directed to add the Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Nevada

Attorney General's office only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order.

The Clerk of Court is further directed to file Holmes' petition for writ of habeas corpus (ECF No. 1-1).

It is further ordered that Holmes' motion for appointment of counsel (ECF No. 1-2) is denied without prejudice.

It is further ordered that Respondents will have 60 days from the date the petition is electronically served to answer or otherwise respond to the petition.

It is further ordered that Petitioner will have 60 days following service of the answer to file and serve a reply brief. If any motion is filed, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED THIS 6th Day of October 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE