UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN RAY HOLMES,<br><br>                Petitioner,<br>    v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                Respondents. | Case No. 3:21-cv-00364-MMD-CSD<br><br>ORDER |

**I.  SUMMARY**

This habeas matter is before the Court on Respondents' motion to dismiss. (ECF No. 11 ("Respondents' Motion").) Also before the Court is Petitioner Kevin Ray Holmes's motion for appointment of counsel. (ECF No. 16 ("Holmes's Motion").) For the reasons discussed below, Respondents' Motion is granted, in part, and Holmes's Motion is denied.

**II.  BACKGROUND**

Holmes challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Kevin Ray Holmes*, Case No. C129708.[1] A jury found Holmes guilty of murder of the first degree with use of a deadly weapon (Count I) and attempt murder with use of a deadly weapon (Count II). (ECF No. 12-21.) Holmes appealed and the Nevada Supreme Court reversed and remanded ordering a new trial. (ECF No. 12-36.)

Following re-trial, a jury found Holmes guilty of murder of the first degree with use of a deadly weapon (Count I) and attempt murder with use of a deadly weapon (Count II).

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

(ECF No. 13-10.) On December 7, 1999, the state district court entered a judgment of conviction and sentenced Holmes to life with the possibility of parole plus an equal and consecutive term of life with the possibility of parole for the use of a deadly weapon for Count I as well as 20 years plus an equal and consecutive 20 years for use of the deadly weapon for Count II, to run concurrently to Count I. (ECF No. 13-12.)

Holmes appealed and the Nevada Supreme Court affirmed his conviction. (ECF No. 13-28.) In April 2019, Holmes filed a state post-conviction habeas petition alleging that the Nevada Department of Corrections ("NDOC") has not been properly crediting him for statutory good and work time and/or mertirious award credits. (ECF No. 13-42.) The state district court denied his petition and the Nevada Court of Appeals affirmed in part, reversed in part, and remanded with instructions for the state district court to hold an evidentiary hearing to determine the correct start date for Holmes's sentence for the attempted murder deadly weapon enhancement and to determine the correct amount of credit that should apply to the maximum portion of that sentence. (ECF Nos. 13-45, 14-17.)

On remand, the state district court conducted a telephonic evidentiary hearing concluding that Holmes expired his attempted murder sentence on June 20, 2008, and the attendant deadly weapon enhancement would begin on June 21, 2008. (ECF Nos. 14-19, 14-23 at 4-5.) Holmes discharged his underlying sentence for Count II and he was granted parole on the underlying sentence for Count I in 2012. (ECF No. 14-23 at 4-5.) Holmes then argued that NDOC continued to calculate his sentences incorrectly. (ECF No. 14-29.) In October 2020, the state district court found Holmes received the relief as required by the Nevada Court of Appeals Order. (ECF No. 14-27.) Holmes appealed and the Nevada Court of Appeals affirmed the state district court's decision. (ECF No. 15-15.)

In December 2020, Holmes filed another state post-conviction habeas petition. (ECF No. 14-41.) On November 24, 2021, the Nevada Court of Appeals affirmed the state district court's denial of his second post-conviction habeas petition. (ECF No. 15-35.) In August 2021, Holmes filed a third state post-conviction habeas petition. (ECF No. 15-21.)

On November 17, 2021, the state court denied his third post-conviction habeas petition. (ECF No. 15-33.) Holmes appealed and as of the date of this order, his appeal remains pending before the state appellate court. (ECF No. 15-36.)

On August 8, 2021, Holmes initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) Holmes raises seven grounds for relief including claims alleging, *inter alia*, denial of due process and equal protection based on the state court's sentencing structure, failure to appoint counsel, and issuance of a new sentence structure without defense counsel or Holmes's physical presence in court. (ECF No. 6.)

### III. MOTION TO DISMISS

Respondents move to dismiss Holmes's petition under *Nettles v. Grounds*, 830 F.3d 922, 933-34 (9th Cir. 2016). (ECF No. 11 at 11-12.) They further argue that Grounds 1 through 6 should be dismissed as not cognizable in federal habeas and Grounds 5 and 6 are unexhausted. (*Id.* at 13-22.) In the alternative, Respondents argue that Grounds 5 and 6 may be denied on the merits. (*Id.* at 22-23.)

#### A. Cognizability

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68.

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *McGuire*, 502 U.S. at 67-68 (federal courts may not reexamine state court decisions on state law issues). A petitioner may not transform a state–law issue into a federal one merely by asserting a violation of

due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). *See also Lacy v. Lewis*, 123 F. Supp. 2d 533, 551 (C.D. Cal. 2000) ("Merely adding the phrase 'due process' to state law claims does not transform those claims into federal claims; rather, they remain state law claims 'dressed up' as federal due process claims."); *Nelson v. Biter*, 33 F. Supp. 3d 1173, 1178 (C.D. Cal. 2014) (same). Generally, matters relating to state sentencing are not cognizable on federal habeas review. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1997) (finding state court's misapplication of state sentencing laws does not violate due process to justify federal habeas relief unless petition can show "fundamental unfairness"); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding that question of whether a prior conviction qualifies for sentence enhancement under California law is not cognizable federal habeas claim).

### 1. Challenges to Sentencing (Grounds 1-6)

Holmes's claims challenging his sentencing are not cognizable in this federal habeas action. Although Holmes refers to his constitutional rights to due process and equal protection of the laws, and the constitutional protection against ex post facto laws, his claims present no federal question as they plainly hinge on the application or interpretation of state sentencing law. *See Swarthout v. Cooke*, 562 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). The Nevada courts rejected his arguments on state law grounds. Following remand and telephonic evidentiary hearing, the Nevada Court of Appeals affirmed the state district court's decision as follows:

> On appeal, this court largely affirmed the district court's order but reversed its conclusion that NDOC did not err when it failed to run the attempted murder DWE sentence beginning from when Holmes expired his attempted murder sentence. This court remanded Holmes' case to the district court to conduct an evidentiary hearing to determine the correct start date for the attempted murder DWE sentence. *See id*. The district court conducted a telephonic evidentiary hearing and concluded that Holmes expired his attempted murder sentence on June 20, 2008, and the attendant DWE sentence should begin on June 21, 2008. Holmes has not demonstrated that the district court exceeded this court's previous order. We therefore conclude he is not entitlted to relief on this claim.
>
> Second, Holmes claims the district court's order following remand entered a new sentence structure beyond that pronounced in Holmes'

> judgment of conviction, it changed his sentences and increased the amount of punishment, and the district court did so without ensuring Holmes was represented by counsel or was physically present. The district court's order following remand merely brought NDOC's structure of Holmes' sentence in line with the sentences pronounced in Holmes' judgment of conviction. It did not alter the sentences imposed in the judgment of conviction or increase his punishment. Further, Holmes was not entitlted to counsel at such proceeding. *See Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014) ("[T]here is no constitutional or statutory right to the assistance of counsel in noncapital post-conviciton proceedings. . . .") And Holmes does not demonstrate that holding the hearing telephonically was error or, if it was, that it affected his substantial rights, *see* NRS 178.598 ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."). We therefore conclude he is not entitled to relief on this claim.
>
> Third, Holmes contends his constitutional rights were violated when the district court failed to adjust the start date of his murder DWE sentence to match that of the attempted murder DWE sentence. Holmes was not paroled from his murder sentence to its attendant DWE sentence until 2012. Accordingly, the DWE sentence could not have started in 2008. *See* 1991 Nev. Stat., ch. 403, § 6, at 1059 (providing a deadly weapon enhancement runs consecutively to the sentence imposed for the substantive offense). We therefore conclude he is not entitled to relief on this claim.
>
> Fourth, Holmes contends the attempted murder DWE sentence is the controlling sentence because he spent more time serving that sentence than he spent serving the murder DWE sentence. This court previously held that the murder sentence is controlling, *see Holmes v. Nev. Dep't of Corrections*, Docket No. 78878-COA (Order affirming in Part, Reversing in Part and Remanding, July 28, 2020), and that holding is the law of the case. *See Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975) ("The law of a first appeal is the law of the case on all subsequent appeals in which the facts are substantially the same.") We therefore conclude he is not entitled to relif on this claim.
>
> Finally, Holmes contends he has been denied requested documents necessary to the crafting of a meaningful appeal. Holmes does not identify the documents he requested and was denied, and he does not explain how those documents prevented a meaningful appeal. Further, he does not specify any relief he is seeking. We therefore conclude Holmes is not entitled to relief on this claim.

(ECF No. 15-15.) (footnotes omitted.) This ruling, by a state court on matters of state law, is beyond the scope of this federal habeas proceeding. *See Estelle*, 502 U.S. at 68; *Lewis*, 497 U.S. at 780.

In addition, looking at the possible effect the alleged errors relating to the calculation of Holmes's sentence, his claims are not cognizable because success on the merits of his claims would not necessarily lead to immediate or speedier release from confinement. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). Habeas relief is

not available for "probabilistic claims," *i.e.*, where success on the claims "*could potentially affect the duration of confinement*" or is "*likely* to accelerate the prisoner's eligibility for parole." *Id.* at 933-34 (quotation omitted.) Here, if Holmes were to succeed on the claims at issue, it would mean an earlier parole hearing. Holmes's response argues that "but for the actions of the respondents [Holmes] would have been considered for parole release in 2018 rather than later in 2022." (ECF No. 19 at 12.) An earlier parole hearing, however, will not necessarily lead to a petitioner's immediate or speedier release because the parole board has the authority and discretion to grant or deny parole. *See Wydeven v. Warden, Lovelock Corr. Ctr.*, 238 P.3d 867 (Nev. 2008) (citing NRS § 213.1099(2) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the parole board's discretion to grant or deny parole.")). Because success on Holmes's claims would not necessarily lead to his immediate or speedier release, they do not fall in the "core" of habeas. *See, e.g., Gordon v. Premo*, 757 F. App'x 627, 628 (9th Cir. 2019). Accordingly, Grounds 1, 2, 3, and the portion of Grounds 4, 5, and 6 alleging constitutional violations related to sentencing are dismissed as noncognizable.

## 2. Denail of Appointment of Counsel and Presence at Evidentiary Hearing (Ground 4)

To the extent that Holmes alleges in Ground 4 that the trial court abused its discretion in violation of his constitutional rights for failure to appoint him counsel during the telephonic evidentiary hearing, he nonetheless fails to raise a cognizable federal habeas claim. (ECF No. 6 at 9.) In *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), the Supreme Court held that the due process clause of the Fourteenth Amendment did not mandate the appointment of counsel for indigent defendants during post-conviction proceedings. *See also Coleman v. Thompson*, 501 U.S. 722, 751-53 (1991). Accordingly, Holmes fails to set forth a cognizable federal habeas claim in Ground 4 to the extent that he alleges he was denied constitutional right to due process of law and right to be represented by counsel when the state court did not appoint counsel during the telephonic

evidentiary hearing in his post-conviction proceeding.

To the extent that Holmes alleges that the trial court abused its discretion in violation of his constitutional rights for conducting the evidentiary hearing without Holmes's physical presence at the hearing, the Court declines to dismiss this claim as noncognizable in federal habeas. A defendant has a due process right to be personally present in judicial proceedings "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). The defendant's "privilege of presence is not guaranteed when presence would be useless, or the benefit but a show, [but] due process clearly requires that a defendant be allowed to be present to the extent that a fair and just hearing would be thwarted by his absence." *Id.* When there is no indication the defendant could have done or gained anything had he attended the hearing, there is no due process violation. *See United States v. Gagnon*, 470 U.S. 522, 527 (1985) (per curiam). The Court, however, notes that Holmes alleges that he was not physically present for the hearing and the record demonstrates that the state court ordered that Holmes be available telephonically for the hearing. (*See* ECF No. 14-19.) The Court, nonetheless, denies Respondents' motion to dismiss Ground 4 as noncognizable to the extent Holmes alleges a violation of his due process rights because the state court conducted the evidentiary hearing without Holmes's physical presence at the hearing.

### 3. Denial of Hearing Transcript (Ground 7)

In Ground 7, Holmes alleges he was denied transcripts of a district court hearing, which were necessary to filing a meaningful appeal. (ECF No. 6 at 15.) Respondents argue that Holmes does not raise a cognizable federal claim in Ground 7. (ECF No. 11 at 20.) Although Respondents assert that Holmes's request for transcripts was untimely and that the telephonic hearing may not have been recorded (ECF No. 20 at 11), they do not, however, demonstrate that Holmes fails to assert a cognizable claim for federal habeas relief. If a state creates a system for appellate review as an integral part of the system for finally adjudicating the guilt of a defendant, the procedures must comport with demands

of due process and equal protection. *See Evitts v. Lucey*, 469 U.S. 387, 393 (1985). The failure to provide a criminal defendant with a transcript of the trial court proceedings which effectively denies him his right to a timely appeal may deprive him of his constitutional right to due process of law. *See Madera v. Risley*, 885 F.2d 646, 648 (9th Cir. 1989) (finding state's failure to provide full record of trial may violate defendant's due process rights and form basis for federal habeas corpus relief). A habeas petition must establish prejudice from lack of recordation to be entitled to habeas corpus relief. *See id.* at 649. Accordingly, Holmes asserts a cognizable claim for relief and Respondents' motion to dismiss Ground 7 is denied.

### B. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan*, 526 U.S. at 844-45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

A state appellate court decision on the merits of a claim of course exhausts the claim. *See, e.g.*, *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015). "In the

exhaustion context, the Supreme Court has admonished lower courts that the complete exhaustion requirement is not intended to 'trap the unwary *pro se* prisoner'." *Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (rejecting argument that petitioner should be limited to claims in an initial federal petition after returning to federal court from state exhaustion proceedings)). "More generally, the Court has held *pro se* pleadings to a less stringent standard than briefs by counsel and reads *pro se* pleadings generously, 'however inartfully pleaded.'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

### 1. Ground 5

In Ground 5, Holmes alleges he was illegally detained in violation of the prohibition on double jeopardy. (ECF No. 6 at 11.) Respondents argue that Holmes has not exhausted his double jeopardy claim alleged in Ground 5. (ECF No. 11 at 22.) Holmes argues that he asserted such a claim in his opening brief appealing the district court's denial of his post-conviction state habeas petition filed in April 2019. (ECF No. 19 at 38.) The Court finds Holmes sufficiently raised his double jeopardy claim asserted in Ground 5 on appeal to the state appellate court to satisfy exhaustion, despite the state appellate court's failure to mention his claim in its opinion. (*See* ECF No. 136 at 21.) Accordingly, the double jeopardy claim alleged in Ground 5 is exhausted.

### 2. Ground 6

In Ground 6, Holmes alleges that the state court approved a "new sentence structure" in violation of the prohibition against double jeopardy. (ECF No. 6 at 13.)

9

Holmes did not present this claim to the state appellate courts, and therefore, Holmes's double jeopardy claim as alleged in Ground 6 is unexhausted.

### IV.   HOLMES'S OPTIONS REGARDING UNEXHAUSTED CLAIM

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *See id.* In the instant case, the Court concludes that the double jeopardy claim alleged in Ground 6 is unexhausted. Because the petition contains unexhausted claims, Holmes has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[2] or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277.

If Holmes wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in

---

[2]This Court makes no assurances as to the timeliness of any future-filed petition.

state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Holmes to reply. Or Holmes may file a declaration voluntarily abandoning his unexhausted claims, as described above. Holmes's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Holmes is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## V.    MOTION FOR APPOINTMENT OF COUNSEL

Holmes again moves for appointment of counsel. (ECF No. 16.) Nothing in Holmes's renewed request for the appointment of counsel causes the Court to change its decision that the appointment of counsel is unwarranted, as set forth in the Court's prior order denying Holmes's request for the appointment of counsel. (ECF No. 5.) Accordingly, Holmes's renewed request for the appointment of counsel is denied.

## VI.    CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 11) is granted in part as follows:

1. Grounds 1, 2, and 3 are dismissed as noncognizable. The portion of Grounds 4, 5, and 6 alleging due process and equal protection constitutional violations related to sentencing are dismissed as noncognizable.
2. The portion of Ground 6 alleging a violation of the prohibition of double jeopardy is unexhausted.

It is further ordered that Holmes shall have 30 days to: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds;

OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds. If Holmes chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2. Failure to timely comply with this order will result in the dismissal of Holmes's mixed petition without further advanced notice.

It is further ordered that Holmes's motion for appointment of counsel (ECF No. 16) is denied.

DATED THIS 15th Day of July 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE